UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
ZOILA EVANGELINA VELASQUEZ ARGUETA,          :
:
                         Plaintiff,          :        23-CV-2919 (JMF)
:
      -v-          :        ORDER
:
CNOS DERECH YISROEL,          :
:
                         Defendant.          :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       By letter filed on May 31, 2023, *see* ECF No. 23, the Court has been advised that the parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law have reached a settlement in principle. As the parties acknowledge, Court approval is required for settlement of FLSA claims where dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure is contemplated, *see Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015),[1] and for settlement of state-law claims on a class-wide basis, *see* Fed. R. Civ. P. 23.

       As Magistrate Judge Lehrburger ordered, *see* ECF No. 24, no later than **June 30, 2023**, the parties shall file a motion for class certification, preliminary approval of the class-wide settlement, and approval of the FLSA settlement. The motion papers shall include a copy of the parties' proposed settlement as well as a proposed schedule for notice to the class members, for class members to opt-out, for preliminary approval of the settlement, and for a fairness hearing, as well as a proposal for the manner in which class members will be notified. *See generally* Fed. R. Civ. P. 23(e). The parties shall also submit — as a separate entry on the docket and as a Word document submitted by email to Chambers at Furman_NYSDChambers@nysd.uscourts.gov — a proposed order preliminarily approving the class-wide settlement, providing for notice, and scheduling a settlement fairness hearing.

       Assuming the parties contemplate dismissal of the FLSA claims under Rule 41, their memorandum of law in support of preliminary approval shall address why the Court should approve the settlement as fair and reasonable, with reference to the factors discussed in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The memorandum should also address, if applicable, any incentive payments to the plaintiffs and any proposed attorney's fee award to plaintiffs' counsel (with documentation to support the latter, if appropriate). In

---

[1]     Judicial approval is not required for a settlement of FLSA claims by way of a Rule 68(a) offer of judgment. *See Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 414 (2d Cir. 2019).

addition, the parties are advised that the Court will not approve any settlement agreement containing any of the following provisions:

- a confidentiality provision, unless the parties can show that there are reasons, specific to the case, sufficient to overcome the common law right of access to judicial documents. *See id.* at 337-41 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases); *see also Sanz v. Johny Utah 51 LLC*, No. 14-CV-4380 (JMF), 2015 WL 1808935, at *2 (S.D.N.Y. Apr. 20, 2015);

- a release or waiver provision that releases or waives claims that have not accrued or claims unrelated to wage-and-hour matters, unless the parties can show that there are reasons, specific to this case, justifying such a broad release. *See, e.g., Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015); or

- a clause that bars a plaintiff from making negative statements about a defendant unless it includes a carve-out for truthful statements about a plaintiff's experience in litigating his case, or unless the parties can show that there are reasons, specific to this case, justifying a non-disparagement clause without such a carve-out. *See, e.g., Zapata v. Bedoya*, No. 14-CV-4114, 2016 WL 4991594, at *2 (E.D.N.Y. Sept. 13, 2016).

In the event that the settlement agreement does contain any of these provisions, the parties' joint letter should also indicate whether the parties want the Court, in the alternative, to consider for approval the settlement agreement with the provision(s) stricken (in which case, the Court would, absent good cause, docket both the parties' joint letter and the settlement agreement itself — notwithstanding any confidentiality provision). *Cf. Fisher v. SD Protection Inc.*, 948 F.3d 593, 606 (2d Cir. 2020) (holding that a district court may approve or reject a settlement of FLSA claims, but may not modify the agreement itself).

Additionally, the parties are reminded that, now that they have reached a settlement, they have the option to consent to proceed for all purposes before the assigned Magistrate Judge (the appropriate form for which is available at https://www.nysd.uscourts.gov/node/754), in which case the assigned Magistrate Judge would decide whether to approve the settlement. If all parties consent to proceed before the assigned Magistrate Judge for that purpose, they should file a fully executed version of the consent form on the docket on or before **the date set forth above**.

The pretrial conference scheduled for July 6, 2023, *see* ECF No. 13, along with all pending deadlines in this case, are adjourned *sine die*.

SO ORDERED.

Dated: June 2, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge