UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                  :
ZOILA EVANGELINA VELASQUEZ ARGUETA,               :
                                                                  :
                                        Plaintiff,                :           23-CV-2919 (JMF)
                                                                  :
                -v-                                               :           ORDER APPROVING
                                                                  :             SETTLEMENT
BNOS DERECH YISROEL,                                      :
                                                                  :
                                        Defendant.                :
                                                                  :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29
U.S.C. § 201 *et seq.*, advised the Court that they had agreed to a settlement.  *See* ECF No. 23.
By Order entered June 2, 2023, ECF No. 25, the Court directed the parties to submit a joint letter
explaining the basis for the proposed settlement and why it should be approved, with reference to
the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y.
2012).  Plaintiff submitted a motion for settlement approval on June 12, 2023, ECF No. 26,
which the Court denied without prejudice because of discrepancies between the motion and the
actual settlement agreement, ECF No. 27.  The Court further requested a declaration from
Plaintiff confirming that she is aware of the allocation of costs and fees.  *See id.*  On June 16,
2023, Plaintiff submitted a second motion for settlement approval.  ECF No. 16.

        The Court, having reviewed the motion and supporting papers, finds that the settlement is
fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as
the risks and expenses involved in additional litigation.  *See Wolinsky*, 900 F. Supp. 2d at 335-
36.  Although the FLSA places "strict limits on an employee's ability to waive claims . . . for
fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at 335
(citation omitted), these concerns are not as relevant when the plaintiff no longer works for the
defendant, as is the case here, *see, e.g.*, *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344
(S.D.N.Y. 2016) (fact that plaintiffs are "no longer employees of the defendants . . . reduc[es] the
danger that the release was obtained through improper job-related pressure").

        The settlement approval is subject to the following condition:  Any modification of the
settlement agreement must be approved by the Court, regardless of any provision in the
agreement that purports to allow the parties alone to modify it.

        In addition, Plaintiff seeks approval of $8,514.00 in attorney's fees and costs.  *See* ECF
No. 16.  Although the proposed award of attorney's fees and costs is high relative to the size of
the Plaintiff's claim and recovery, the Court sees no basis to reduce the fee where, as here, there

are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and her attorney. *See Picerni v. Bilingual Seit & Preschool Inc.*, 925 F. Supp. 2d 368, 377 n.3 (E.D.N.Y. 2013) ("Unless there is a basis to presume conflict and antagonism between the plaintiff and his attorney — i.e., that the plaintiff's attorney is receiving a larger fee at the expense of his client's wage claim . . . then the basis upon which the attorney's fee is determined should be of no interest to the court, just as it is of no interest in most other kinds of private litigation.").

Accordingly, the Court approves the settlement subject to the condition addressed above. The Court dismisses the case with prejudice.  All pending motions are moot.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: June 21, 2023
     New York, New York

JESSE M. FURMAN
United States District Judge

2